After trial, a jury found the defendant guilty of making a false statement to a public officer in violation of General Statutes53a-157. The defendant has appealed from the judgment of conviction contending that the trial judge erred by (1) charging the jury in such a manner as to mislead them concerning the elements of the crime of making a false statement to a public officer and (2) advising the jury that it could consider the defendant's interest in the outcome of the trial when weighing the credibility of his testimony. We find no merit in either claim of error. *Page 341 
The court charged the jury by reading the text of General Statutes 53a-157 and by stating the individual elements of the crime charged. "Jury instructions need `not be exhaustive, perfect or technically accurate,' so long as they are `correct in law, adapted to the issues and sufficient for the guidance of the jury.'" State v. Mason, 186 Conn. 574, 585, 442 A.2d 1335
(1982). We find that the court's charge satisfied this standard.
As to the second claim of error, we are unwilling to deviate from the majority rule, which has been repeatedly approved by our state supreme court, that a jury is entitled to consider the interest of an accused in the outcome of a trial when weighing the credibility of his testimony. State v. Kurvin, 186 Conn. 555, 570, 442 A.2d 1327
(1982); State v. Bennett, 172 Conn. 324, 335,374 A.2d 247 (1977); State v. Guthridge, 164 Conn. 145,151, 318 A.2d 87 (1972), cert. denied,410 U.S. 988, 93 S.Ct. 1519, 36 L.Ed.2d 186 (1973).
 There is no error.
DALY, BIELUCH and COVELLO, Js., participated in this decision.